IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOHN T. OLSZYK, | Civil No. 3:20-cv-2 |
| Plaintiff | (Judge Mariani) |
| v. | |
| DR. MALIK, *et al.*, | |
| Defendants | |

**MEMORANDUM**

Plaintiff John Olszyk ("Olszyk") is a former inmate who was housed at all relevant times at the Lackawanna County Prison, in Scranton, Pennsylvania.[1] Olszyk commenced this action pursuant to 42 U.S.C. § 1983. (Doc. 1). Named as Defendants are Warden Tim Betti, Satish Mallik, M.D., and Allied Services. (*Id.*). For the reasons set forth below, the Court will dismiss this action for failure to prosecute and failure to comply with a Court Order.

**I.  Background**

In the complaint, Olszyk alleges that Defendants failed to provide him adequate medical care for his psychiatric condition and he sets forth various unconstitutional conditions of confinement claims. (Doc. 1). On July 8, 2020, the Court issued an Order directing Olszyk to show cause why the action against Allied Services should not be

---

[1]  Olszyk has been released from custody and is no longer incarcerated. (*See* https://vinelink.com/#/search; *see also* Doc. 24).

dismissed pursuant to Federal Rule of Civil Procedure 4(m). (Doc. 22). On July 20, 2020, the Court's mail to Olszyk was returned, unopened, and marked as "inmate released." (Doc. 24). Accordingly, the Court issued an Order directing Olszyk to provide his current address. (Doc. 23). The Order warned Olszyk that, "[f]ailure to comply with this Order may result in the dismissal of this case for failure to prosecute." (*Id.* at p. 2) (citing Federal Rule of Civil Procedure 41(b)). On July 22, 2020, the Court's mail to Olszyk was again returned, unopened, and marked as "inmate released." (Doc. 25). Olszyk failed to comply with the Court's Order and has not provided the Court with a current, updated address.

## II.   Discussion

District courts have the inherent power to dismiss an action for failure to prosecute *sua sponte*. *Chambers v. NASCO, Inc.*, 501 U.S. 32, 44 (1991). The United States Court of Appeals for the Third Circuit has identified six factors a court should consider before dismissing an action for failure to prosecute:

> (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense.

*Poulis v. State Farm Fire & Cas. Co.*, 747 F.2d 863, 868 (3d Cir. 1984) (emphases omitted). Not all of the *Poulis* factors need be satisfied to dismiss a complaint. *See Shahin v. Delaware*, 345 F. App'x 815, 817 (3d Cir. 2009) (citing *Mindek v. Rigatti*, 964 F.2d 1369, 1373 (3d Cir. 1992)).

2

In the present matter, Olszyk is *pro se* and is solely responsible for his actions. *See Colon v. Karnes*, 2012 U.S. Dist. LEXIS 14692, at *7 (M.D. Pa. 2012) ("Plaintiff is proceeding pro se, and thus is responsible for his own actions."). At this point, the Court has been waiting several months for Olszyk to communicate with the Court, and can only conclude that he is personally responsible for failing to inform the Court of his whereabouts.

Second, prejudice to the adversary generally includes "the irretrievable loss of evidence, the inevitable dimming of witnesses' memories or the excessive and possibly irremediable burdens or costs imposed on the opposing party." *Adams v. Trustees of N.J. Brewery Emps.' Pension Trust Fund*, 29 F.3d 863, 874 (3d Cir. 1994). Prejudice also includes "the burden imposed by impeding a party's ability to prepare effectively a full and complete trial strategy." *Ware v. Rodale Press, Inc.*, 322 F.3d 218, 222 (3d Cir. 2003). Olszyk's continued failure to communicate with the Court and his continued inaction frustrates and delays the resolution of this case. This failure to communicate prejudices the Defendants who likely seek a timely resolution of the case. *See Azubuko v. Bell National Organization*, 243 F. App'x 728, 729 (3d Cir. 2007) (stating that plaintiff's failure to file an amended complaint prejudices defendants and compels dismissal).

Third, Olszyk has established a history of dilatoriness through his failure to notify the Court of his whereabouts and failure to comply with Court Orders and rules. As stated, the Court ordered Olszyk to provide his current address and warned him that this case was subject to dismissal for failure to prosecute. (Doc. 23). Olszyk failed to comply with that

Order. The Court finds that over the past several months, Olszyk has delayed this matter to the extent that his conduct constitutes a "continuous stream of dilatory conduct." *Briscoe v. Klem*, 538 F.3d 252, 261 (3d Cir. 2008). A *pro se* plaintiff has the affirmative obligation to keep the Court informed of his address. (*See* M.D. Pa. Local Rule of Court 83.18 (providing that a *pro se* plaintiff "shall maintain on file with the clerk a current address at which all notices and copies of pleadings, motions or papers in the action may be served upon such party."); *see also* Doc. 3, at p. 4, Standing Practice Order in Pro Se Plaintiff Cases). Should such address change in the course of this litigation, the plaintiff shall immediately inform the Court of such change, in writing. (*Id.*). If the Court is unable to communicate with the plaintiff because he has failed to notify the Court of his address, the plaintiff will be deemed to have abandoned the lawsuit. (*Id.*). It is clear that Olszyk has failed to comply with the terms set forth in Middle District of Pennsylvania Local Rule 83.18 and the Standing Practice Order.

Regarding the next factor, "[w]illfulness involves intentional or self-serving behavior." Adams, 29 F.3d at 874. It appears that at least some of this dilatory behavior was performed willfully and in bad faith, as Olszyk has offered no explanation for his failure to provide the Court with his current address. *Gagliardi v. Courter*, 144 F. App'x 267, 268 (3d Cir. 2005) (holding that the district court did not abuse its discretion by dismissing plaintiff's complaint for failure to prosecute, where plaintiff failed to respond to defendants' motion to dismiss for more than three months and this failure to comply prejudiced defendants).

4

Fifth, a district court must consider the availability of sanctions alternative to dismissal. *Poulis*, 747 F.2d at 869. Given Olszyk's indigence, alternative, monetary, sanctions would not be effective. *See Dennis v. Feeney*, 2012 U.S. Dist. LEXIS 7328, at *5 (M.D. Pa. 2012) (finding, "monetary sanctions are unlikely to be efficacious given that Plaintiff is indigent"). Moreover, the Court is incapable of imposing a lesser sanction without knowledge of Olszyk's whereabouts.

The final *Poulis* factor is meritoriousness of the claim. A claim will be deemed meritorious when the allegations of the complaint, if established at trial, would support recovery. *Poulis*, 747 F.2d at 870. The standard for a Rule 12(b)(6) motion to dismiss is utilized in determining whether a claim is meritorious. *Poulis*, 747 F.2d at 869-70. The Court finds that consideration of this factor cannot save Olszyk's claims, since he is now wholly non-compliant with his obligations as a litigant. Thus, the weight of this factor is lessened and, following a full analysis of the *Poulis* factors, the majority of the six factors weigh in favor of the Defendants.

## III. Conclusion

Olszyk has been released from custody and is no longer incarcerated. (*See* Docs. 24, 25; *see also* https://vinelink.com/#/search). Despite being ordered to provide the Court with his current address, Olszyk has not responded. Olszyk's failure to notify the Court of his whereabouts has forced the Court to consider whether to dismiss this action for failure to

prosecute. After consideration of the *Poulis* factors, the Court finds that dismissal is appropriate under the present circumstances.

                                                                                   Robert D. Mariani  
                                                                                    United States District Judge

Dated: July 22, 2020